Filed 9/3/25  Dinneen v. Dinneen CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT DINNEEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DEBRA DINNEEN et al.,<br><br>        Defendants and Respondents. | A169602<br><br>(Contra Costa County Super. Ct. No. P22-01872) |

**MEMORANDUM OPINION**[1]

In November 2022, Robert Dinneen commenced the present action by filing a petition for orders (1) determining the existence of The Robert B. Dinneen 2022 Trust (the 2022 Trust), (2) confirming the validity of the terms of the 2022 Trust, and (3) confirming ownership of assets by the trustee of the 2022 Trust.  Two of his three children, Debra and James Dinneen, opposed the petition.[2]

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] We refer to the parties by their first names to avoid confusion.  No disrespect is intended.  (See *Askew v. Askew* (1994) 22 Cal.App.4th 942, 947, fn. 6.)

In June 2023, the court was notified that the action had been settled.

In September 2023, Robert filed a Petition to Approve Settlement Agreement and Release and to Confirm Validity of 2023 Estate Documents of Robert B. Dinneen (petition to approve the settlement). A hearing on the petition was set for February 13, 2024. The proof of service indicates that all relevant parties were served with the petition and notice of the hearing. A proposed order granting the petition was submitted with the petition.

On September 27, however, the day after the petition was filed and well before the February hearing, the court signed the proposed order granting the petition. The order was stamped "ex parte" in place of the date and time for hearing. The order was not filed until October 26.

In the meantime, on October 4, Robert filed a substitution of attorney. On October 23, before the order granting the petition to approve the settlement was filed, Robert, now represented by his new attorney, filed requests for dismissal of both his original petition and the petition to approve the settlement.

On October 26, the following email was sent from the office of Robert's new attorney to the court, "We're frantic here about an[] Order that was filed yesterday. We got a call from Robert Dinneen's former counsel that you called yesterday to pick up an Order. We're in the middle of preparing an Ex Parte to be heard tomorrow morning on this matter and are concerned the nature of the Order that was filed today will have great bearing on our

Ex Parte.  We sent a courier and the clerk wasn't able to give her a copy of the Order.  Can you give me a call and let me know what that Order is?  The Petition to Approve the Settlement Agreement was not Ex Parte—it's calendared for hearing in Feb. 2024."

As referenced in the email, the following day, Robert petitioned the court ex parte to disapprove and set aside the settlement agreement.  With respect to the order approving the settlement agreement, the petition states, "It appears that an order Granting the unverified Petition to Approve Settlement Agreement etc. was entered on October 26, 2023.  This is highly irregular given the hearing date is not for another three (3) months.  Petitioner could not get a copy of the Order and does not know anything more than is available on the Register of Actions.  This Order is void and should be vacated."  The ex parte petition also argued the merits of Robert's claim that the settlement agreement should be disapproved by the court.

Debra and James opposed the motion.  Their opposition did not address Robert's argument regarding the improper entry of the order granting the petition to approve the settlement agreement but instead argued that Robert's attempt to rescind the settlement agreement should not be considered on an ex parte basis.  On November 9, counsel was informed by the court that the ex parte petition to disapprove the settlement agreement was denied with instructions to set the petition for a noticed hearing.

On November 20, Robert submitted to the court an ex parte application for order directing the clerk to enter the dismissals previously requested on October 23, 2023. Debra and James opposed the application on the ground that the proposed dismissals should not be resolved on an ex parte basis.

In December 2023, Robert filed a notice of appeal from the court's order granting his petition to approve the settlement agreement.

On February 1, 2024, the court entered an order denying Robert's ex parte request for entry of the requested dismissals. While filed in February, the order was signed on November 21, 2023.[3]

The parties agree that the order granting the petition to approve the settlement agreement was improperly entered and must be reversed. It appears, as respondents have suggested, that entry of the order was simply a mistake. Insofar as the order was entered without notice to the parties, we agree that it is void and must be reversed. (*Roth v. Jelley* (2020) 45 Cal.App.5th 655, 676.)

Respondents' request for sanctions against Robert under Code of Civil Procedure section 907 and California Rules of Court, rule 8.276 is denied. To begin with, the request is procedurally improper because it was made in respondents' brief rather than in a separate motion supported by a declaration.

---

[3] Robert has not filed an amended notice of appeal or otherwise proposed to challenge this order. Accordingly, we will not consider any arguments regarding the requests to dismiss.

4

(Cal. Rules of Court, rule 8.276(b)(1); *Symmonds v. Mahoney* (2019) 31 Cal.App.5th 1096, 1114.)  But we would deny the request even if we were to reach the merits.  For reasons that are unclear to this court, the underlying procedural error has not been resolved in the almost two years since the order was entered.  Nonetheless, the record reflects that Robert's attorney promptly identified the error and asked that the order be vacated.  Counsel's failure to file a motion in the trial court to set aside the order under Code of Civil Procedure section 473, subdivision (d), as suggested by respondents, remains unexplained, as does the parties' collective failure to file a motion in this court for a stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8).  Neither failure, however, necessarily establishes that the appeal is frivolous or warrants imposition of sanctions against Robert.

Accordingly, we reverse the order granting the petition for approval of the settlement agreement and remand for further proceedings.

## DISPOSITION

The order granting the petition to approve the settlement is reversed.  The parties shall bear their own costs on appeal.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

5